IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES E. RASH,**

    Petitioner,

v.                                                                                                     Civil Action No. **3:08CV94**

**PATRICIA R. STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence. Respondent has filed a motion for summary judgment, to which Petitioner has responded. This matter is ripe for judgment.

### I. PETITIONER'S CLAIM AND BACKGROUND

On November 9, 2001, Petitioner was sentenced to an eight-year term of imprisonment by the State of Maryland. Subsequently, the United States Marshals Service ("USMS") executed a writ of habeas corpus *ad testificandum*, transporting Petitioner to Martinsburg, West Virginia ("the Sentencing Court") to await his federal trial for distribution of crack cocaine. On July 8, 2002, Petitioner was sentenced to a 151-month term of imprisonment. Petitioner was then returned to the custody of the State of Maryland to serve the remainder of his state sentence.

Petitioner was paroled on August 16, 2006, and was immediately transferred to the custody of the BOP to begin serving his federal sentence. The BOP has computed his sentence with a start date of August 16, 2006, and a projected release date of August 1, 2017.

Petitioner challenges the manner in which the BOP has calculated his sentence. In his

amended petition, Petitioner claims that, because the Sentencing Court recommended to the BOP that he receive credit for time served since January 3, 2002, the BOP should commence his sentence on that date. Respondent contends, *inter alia*, that Petitioner's claims are unexhausted. Petitioner's response does not address the issue of exhaustion.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A. The Bureau of Prison's Administrative Remedy Program

"Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (No. 03-6952) (*citing Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)), *available at* 2004 WL 225093 at *1. The exhaustion requirement in this context "is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review." *Carmona*, 243 F.3d at 634.

The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 *et. seq*. First, the inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, the inmate may submit an appeal to the regional director on Form BP-10 within twenty days of the warden's response. 28 C.F.R. § 542.15(a). Finally, if unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the general counsel. *Id.* The time limits for filing an appeal may be extended if the inmate demonstrates a valid reason for delay. *Id.*

## B.   Petitioner's Administrative Grievances

On March 20, 2007, Petitioner filed a BP-8 informal grievance requesting that the BOP change his sentence computation to reflect that he began serving his sentence on January 3, 2002. On April 25, 2007, a correctional counselor responded that Petitioner was already serving a state sentence when his federal sentence began, and that, because the judgment did not specify otherwise, the federal sentence ran consecutive to his state sentence. On May 1, 2007, Petitioner filed a BP-9 formal grievance. On June 4, 2007, Warden Stansberry responded that Petitioner was ineligible for a sentence credit pursuant to 18 U.S.C. § 3585(b); however, his request was being forwarded to the BOP Designation and Sentence Computation Center ("DSCC") to review Petitioner's eligibility for *nunc pro tunc* designation that would effectively allow his state and federal sentences to run concurrently. Warden Stansberry's response provided that Petitioner could appeal to the BOP Regional Director within twenty days.

On June 18, 2007, Petitioner sent the DSCC a request for a *nunc pro tunc* designation allowing him to have served his federal sentence in the prior Maryland institution. The DSCC denied his request in a letter dated July 13, 2007.[1]

---

[1] The letter reads:
> The [BOP] considers an inmate's request for prior custody credit for time spent in state custody, as a request for a nunc pro tunc designation. In accordance with Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, when there is a previously imposed sentence in existence at the time of federal sentencing, and the federal judge does not specify whether the terms are to run consecutively or concurrently to each other, the sentences run consecutively. As previously stated, you were serving a state sentence at the time the federal sentence was imposed and the [judgment] was silent with regard to the issue of consecutive or concurrent service.
>
> Based on the above, your sentence has been calculated correctly and your case is not appropriate for a nunc pro tunc

3

On July 14, 2007, before Petitioner discovered that his request for a *nunc pro tunc* designation had been denied, he filed a BP-10 Regional Administrative Remedy Appeal, explaining that:

> There has been no response to the information I received from [Warden Stansberry]. Informing me of my request which was forwarded to the [DSCC] for review, and that I'd be advised of the Bureau of Prison's determination upon completion of the review.
> I appeal to this office for information concerning my request and . . . to correct the sentence which was imposed to commence on January 3, 2002, by Judge Broadwaters, Federal District Court, Martinsburg, West Virginia.

(Petr.'s Return, Mot. Objections to Respt.'s Pet. to Dismiss Write of Habeas Corpus, and Br. in Supp., Ex. 4.) On July 26, 2007, his grievance was rejected as untimely.

On August 1, 2007, Petitioner filed a BP-11 Central Office Administrative Appeal, writing that:

> When I sent in my (BP-10) it was to get a response to my (BP-9), I received from [Warden Stansberry]. Informing of my request which was forwarded to the Designation and Sentence Computation Center for Review. I was told to response [sic] if I was dissatisfied with the Bureau of Prison's determination upon completion of their review. This review was not completed during the 20 days which I am now being rejected of my (BP-10)'s appeal. I filed when I did in hopes of getting any kind of answer after not hearing anything during the 20 days in question.

(Petr.'s Return, Mot. Objections to Respt.'s Pet. to Dismiss Write of Habeas Corpus, and Br. in Supp., Ex. 5.). On August 8, 2007, the Central Office affirmed the rejection of his appeal as untimely. The response explained that late appeals may be accepted with a valid reason and staff verification, and advised Petitioner to resubmit his regional appeal. (Br. in Support of Respt.'s

---

> designation.

(Petr.'s Return, Mot. Objections to Respt.'s Pet. to Dismiss Write of Habeas Corpus, and Br. in Supp., Ex. 3.)

Mot. to Dismiss Attachment D 3.)

## C. Analysis

Petitioner submitted his BP-9 on May 1, 2007. Warden Stansberry's June 4, 2007 response denied Petitioner sentence credit under 18 U.S.C. § 3585(b). Petitioner's appeal of that issue was therefore due on June 24, 2007. 28 C.F.R. § 542.15(a). Warden Stansberry's response did not address whether Petitioner was entitled to a *nunc pro tunc* designation. Because Petitioner received no response, regulations instructed him to proceed as though his request had been denied on June 11, 2007, forty calendar days after he submitted his grievance. 28 C.F.R. § 542.18. Petitioner's appeal of the *nunc pro tunc* issue was due thirty days later, on July 11, 2007. Petitioner filed his BP-10 on July 14, 2007. Petitioner's appeal was untimely as to both issues, and his claims are therefore unexhausted. *See Henson v. Craig*, No. 5:07-CV-00251, 2008 WL 2223868, at *2-3 (S.D. W. Va. Apr. 30, 2008) (requiring proper exhaustion after inmate received, in response to similar sentence credit claim, response identical to that provided in the instant case); *see also Grant v. United States Eastern District of Ky.*, No. 07-CV-00110, 2007 WL 4328037, at *3 (E.D. Ky. Dec. 10, 2007) (dismissing as unexhausted claim presented to BOP in grievance rejected on appeal as untimely); *Herrera v. Driver*, No. 2:06-CV-00030, 2006 WL 2192854, at *3 (S.D. Tex. Aug 1, 2006) (same).

Moreover, the BOP did not foreclose further review when it rejected Petitioner's complaints as untimely. Instead, in accordance with BOP regulations, the general counsel invited Plaintiff to resubmit his regional appeal to determine whether he deserved an exception to the time limits for filing an appeal. *See* 28 C.FR. §542.15(a) (allowing extensions for good cause); *see also* 28 C.F.R. § 542.17(c) (allowing a grievance officer to direct that an appeal of a grievance rejected on procedural grounds be resubmitted at a lower level). It further appears that

BOP regulations would not prohibit Petitioner from seeking permission to file an untimely appeal. In bypassing remedies still available at the BOP level, Petitioner has failed to exhaust his claim. *Cf.* 28 U.S.C. § 2254(c) (defining as unexhausted any claim for which a petitioner "has the right under the law of the state to raise, by any available procedure, the question presented"); *Clinton v. Goldsmith*, 526 U.S. 529, 538 n.11 (1999) (noting that challenge under 28 U.S.C. § 2241 to decision of court-martial requires petitioner to first exhaust "other avenues under the UCMJ to seek relief from his conviction" (*citing Noyd v. Bond*, 395 U.S. 683, 693 (1969) (explaining that challenge to conviction by military court is not exhausted "until all available remedies within the military court system have been invoked in vain")); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Accordingly, Petitioner's motion for summary judgment (Docket No. 14) will be GRANTED. The petition will be DISMISSED WITHOUT PREJUDICE. Petitioner's motion to expedite (Docket No. 12) will be DENIED AS MOOT.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: MAR 1 1 2009